## Lackey Mining Company v. Chandler.

(Decided May 19, 1925.)

### Appeal from Floyd Circuit Court.

Physicians and Surgeons—Employment of Physician Under Option to Act as Such at an End Where he Abandoned it, and Could Not be Subsequently Revived.—Where mining lease gave lessor

option to act as physician for lessee's employes during operation of a lease, and lessor voluntarily moved away, with no intention to return, contract was at an end and could not be subsequently revived at his option on his return.

A. B. COMBS and B. F. COMBS for appellant.

B. M. JAMES for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

Dr. T. J. Chandler, a physician, owned a tract of coal land at Lackey on Beaver creek, in Floyd county, also a number of miners' houses which he had erected. On August 29, 1918, he leased the property to R. D. Clere and Sam Porter, who assigned the lease to the Lackey Mining Company, which at once commenced operating a coal mine on the leasehold. The lease among other things contained this provision:

"It is further understood and agreed between the parties hereto that during the operation of the lease hereinabove referred to, the party of the first part shall at his option have the privilege of serving as doctor for the said mining operation, and shall be paid therefor by the parties of the first part or their assigns, the sum of fifty ($50.00) dollars per month, on the 25th of each month, for services rendered during the current month."

Dr. Chandler exercised his option to serve as doctor of the mining operation and continued to act as such for over a year, or until the fall of 1919. He then moved to Catlettsburg with no present intention of returning to Lackey. He remained at Catlettsburg for something over a year, and then concluded to return to Floyd county and moved his family to Estill, which is about a mile from Lackey. After his return to Floyd county he asserted his right to act as doctor for the mining operation under the contract, and on December 15, 1920, he wrote the company demanding pay for October and November at $50.00 per month. His claim was rejected. No further correspondence seems to have followed until about the time he brought this suit, except a letter stating that he supposed they knew he was doing the practice for the hands and would insist upon his contract.

He then wrote them that he had put the matter in the hands of his attorney for suit. The suit was filed July 21, 1922, and on the trial of the case resulted in a judgment for the plaintiff for $1,050.00. The defendant appeals.

There is no dispute about the facts. Only a question of law is presented. After Dr. Chandler moved to Catlettsburg the company had Dr. O. L. Bond to do the practice under an arrangement by which he made his charges against the miners and filed his accounts with the mining company and the money was taken out of the wages of the miners and paid to him. When Dr. Chandler returned the company was willing for him to do the work in the same way as Dr. Bond had done it but he insisted upon his right to act under his contract and this was denied by the company.

The contract was a personal one. Dr. Chandler could not assign his contract to Dr. Bond and put him in as his substitute when he moved to Catlettsburg, and the company had the right to make the new arrangement with Dr. Bond. Dr. Chandler did not go to Catlettsburg temporarily. He went there to make it his home and with no intention to return. Catlettsburg is about one hundred miles from Lackey. The contract provided that Dr. Chandler should at his option during the operation of the lease have the privilege of serving as doctor for the mining operation. When he exercised his option he became the doctor for the mining operation during the operation of the lease. The legal effect then was the same as if the contract had provided that during the operation of the lease Dr. Chandler would serve as doctor for the mining operation. But such a contract is a contract for continuous service. The doctor was bound to fill his part of it with ordinary skill and diligence. He could not act as the doctor for a year and then move a hundred miles away with no intention to return and at the end of the year, finding it not as profitable at Catlettsburg as he expected, return to Floyd county and demand the carrying out of a contract which he had abandoned by moving a hundred miles away with no intention to return. The rule on this subject is well stated in 5 Page on Contracts, section 2912, in these words:

"If one of the parties to a contract acts voluntarily in such a manner as to make it impossible for him to perform the contract, such conduct on his part amounts to breach of such contract. This is some-

times spoken of as breach of an implied covenant or an implied condition; but there is no more of an implied condition in this case than in any other case of breach. By making performance on his own part impossible, the party who has thus acted has shown by his acts that he renounces the contract, or that he does not intend to perform it."

To illustrate, if this lease had provided that Dr Chandler, during the operation of the lease, should be the superintendent of the mining operation at his option and receive $300.00 per month, and he had accepted the place and worked for five years, and at the end of five years had gone to another mine to accept an offer of $5,000.00 a year, and after staying at this mine five years had returned to the Lackey mine and demanded his place back, who would maintain that he was entitled to it under his contract? The difference between the case stated and the case we actually have is only in degree. The substance is the same. A contract for service is a contract for continuous service. .. When the party employed does not serve continuously, but abandons the contract and voluntarily moves away, with no intention to return, he thus. puts an end to the contract, and it is not in his power to revive the contract at a subsequent time when it may be to his interest to carry out the contract. Were the rule otherwise he could quit any day and begin again any day as often as he pleased. The law allows no such liberty to either party in a contract of this kind.

On the admitted facts the circuit court should have instructed the jury peremptorily to find for the defendant.

Judgment reversed and cause remanded for a new trial.